IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| COREY CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-583 |
| | ) | |
| MEDICAL DATA SYSTEMS, INC. d/b/a | ) | |
| MEDICAL REVENUE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, COREY CULLEN ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, MEDICAL DATA SYSTEMS, INC d/b/a MEDICAL REVENUE SERVICES ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Debt Collection Practices Act, § 75-50, *et seq.* ("NCDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

## JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Matthews, Mecklenburg County, North Carolina.

9. Plaintiff is a consumer as that term is defined by the FDCPA and NCDCPA.

10. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCDCPA.

11. Defendant is a debt collector as that term is defined by FDCPA and NCDCPA.

12. Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection law firm located in Atlanta, Georgia.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating with a medical debt.

21. Plaintiff's alleged debt, arises from transactions for personal, family, and household purposes.

22. In or around February, 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone number, ending in 4259.

23. Defendant calls Plaintiff from 866-861-5848, which is one of Defendant's telephone numbers.

24. On more than one occasion since Defendant began placing collection calls to Plaintiff, Plaintiff answered Defendant's collection calls and spoke with one of Defendant collectors.

25. During the aforementioned conversations, Plaintiff told Defendant to stop calling him.

26. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff.

27. On more than one occasion, Defendant has left automated voicemail messages on Plaintiff's cellular telephone.

28. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

29. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

30. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

31. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

32. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

33. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

41. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line

4

was unavailable for legitimate use during the unwanted calls.

42. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him; and

    b. Defendant violated § 1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him.

WHEREFORE, Plaintiff, COREY CULLEN, respectfully requests judgment be entered against Defendant, MEDICAL DATA SYSTEMS, INC d/b/a MEDICAL REVENUE SERVICES, for the following:

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

46. Any other relief that this Honorable Court deems appropriate.

# COUNT II:
# DEFENDANT VIOLATED THE
# NORTH CAROLINA DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Defendant violated the North Carolina Debt Collection Practices Act based on the following:

    a. Defendant violated § 75-52 of the North Carolina General Statutes when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

    b. Defendant violated § 75-52(3) of the North Carolina General Statutes when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances because Defendant continued to call Plaintiff multiple times even after Plaintiff told Defendant to stop doing so; and

    c. Defendant violated § 75-55 of the North Carolina General Statutes by attempting to collect any debt by use of unconscionable means when Defendant engaged in each of the foregoing violations.

49. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

    WHEREFORE, Plaintiff, COREY CULLEN, respectfully requests judgment be entered

against Defendant, MEDICAL DATA SYSTEMS, INC d/b/a MEDICAL REVENUE SERVICES, for the following:

50. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

51. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

52. Costs and reasonable attorneys' fees; and

53. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

54. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

55. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, COREY CULLEN, respectfully requests judgment be entered against Defendant, MEDICAL DATA SYSTEMS, INC d/b/a MEDICAL REVENUE SERVICES, for the following:

56. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

57. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C.

7

227(b)(3)(C).

58. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

59. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

October 04 2017         By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Hormozdi Law Firm, PLLC
                                        North Carolina Bar No. 47432
                                        1770 Indian Trail Road, Suite 175
                                        Norcross, GA 30093
                                        Tel:  678–395-7795
                                        Cell:  678-960-9030
                                        Fax: 866-929-2434
                                        shireen@agrusslawfirm.com
                                        shireen@norcrosslawfirm.com